PER CURIAM.
We affirm the trial court’s judgment dismissing plaintiffs-appellants’ second amended complaint and their action for injunction to require defendant-appellee licensing board to administer to plaintiffs the examination for electrical contractors. Chapter 468, Florida Statutes (1973).
Under the law existing when the controversy arose, an injunctive remedy in licensing disputes was available only when the agency utterly failed to examine into the applicant’s qualifications or otherwise acted arbitrarily and capriciously. Bay National Bank & Trust Company v. Dickinson, *809 229 So.2d 302 (Fla. 1st DCA 1969); and Webster Groves Trust Company v. Saxon, 370 F.2d 381 (8th Cir. 1966). Under present law, an administrative remedy is available, Chapter 120, Florida Statutes (Supp.1976), and the judicial remedy ordinarily is not. School Board of Leon County v. Mitchell, First DCA Case No. EE-64, opinion filed May 4, 1977, 346 So.2d 562, not yet reported; and State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977).
Plaintiffs’ second amended complaint contains the bald allegation that the board acted arbitrarily in denying them admission to the examination and that plaintiffs were qualified, but it does not set forth allegations of the claimed arbitrariness sufficiently to invoke circuit court jurisdiction under the Dickinson, supra, rule.
AFFIRMED.
RAWLS, Acting C. J., and McCORD and SMITH, JJ., concur.